# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:14cr15 |
| | ) | **Electronic Filing** |
| JAMES FOSTER WILCOX | ) | |

## MEMORANDUM ORDER

AND NOW, this 3rd day of February, 2015, upon due consideration of defendant's motion to dismiss or in the alternative for a bill of particulars and the parties' submissions in conjunction therewith, IT IS ORDERED that [33] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted to the extent it seeks confirmation that the government relies on defendant's prior conviction for indecent assault to establish a sex offense triggering the obligation to register under the Sex Offender Registration and Notification Act ("SORNA") and failed to do so in violation of 18 U.S.C. § 2250(a). The motion also is granted to the extent it seeks to have the government "identify what section or sections of the definition of 'sex offense' it believes apply to [defendant's] indecent assault conviction [so that defendant] can focus his challenge [on those sections]" and forego mounting a blanket challenge to each of the 14 definitions of a sex offense contained in SORNA. Defendant's Reply (Doc. No. 40) at 1. The government shall provide defendant with formal notice of its position on or before February 17, 2015. Defendant is entitled to mount any colorable legal challenges he has to the indictment and ensuing prosecution and proceeding in this manner appears to be an eminently reasonable approach given the current resources of this court.

The motion is denied in all other aspects. Defendant's contentions that the indictment "fails to properly charge a violation of § 2250(a), charges an offense for which there is no venue in the Western District of Pennsylvania, and incorrectly alleges that [defendant] was required to

update his registration in Pennsylvania" are unavailing. We find persuasive the growing weight of authority which recognizes that (1) a § 2250 offense commences at the moment a sex offender abandons an established residence in a departure jurisdiction and continues until the "peripatetic fugitive" either registers in the departure jurisdiction or the new jurisdiction of residence; and (2) where an individual required to register under SORNA abandons his or her prior residence and then fails to register with either the departure jurisdiction or the new jurisdiction as required by SORNA, then the government may prosecute the offender in at least two venues: the departure jurisdiction where the offense was begun and the new jurisdiction where the offense was continuing. See generally United States v. Lewis, 768 F.3d 1086 10th Cir. 2014) ("Regardless of the analytical path we take – [United States v.] Murphy, [664 F.3d 798 (2011)], [18 U.S.C.] § 3237, or some combination of the two -- our reasoning converges at the same result: venue for a failure to register under § 2250(a) is proper in the departure district."). Defendant's attempt to find shelter in the scant authority to the contrary is misplaced.

Furthermore, defendant did not have an unconditional obligation to register with the departure jurisdiction; to the contrary, this obligation only arose once he elected not to register in the new jurisdiction as required under SORNA. As the Lewis court further explained:

> Lewis alleges that the government's theory of the case is premised on the idea that a sex offender has an affirmative duty under federal law to tell the departure state he is leaving and moving to another state. But as we have said, this is only a partial truth: the offender is only required to inform the departure jurisdiction that he is leaving or has left if he does not register elsewhere within three days of departure. There is no unconditional obligation under federal law to contact the departure district; you are merely subject to prosecution in that jurisdiction if you fail to meet your obligation somewhere else.

Lewis, 768 F.3d at 1095. Given that the indictment charges defendant with traveling from Pennsylvania to New York and knowingly failing "to register in New York and update his registration in Pennsylvania as required by the [SORNA]," the indictment charges defendant

2

with an offense under § 2250(a) and that offense may be prosecuted in either Pennsylvania or New York. Consequently, the government's decision to lay venue in this District is proper.

s/David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc: Christian A. Trabold, AUSA
   Akin Adepoju, AFPD

   (*Via CM/ECF Electronic Mail*)